*Kumar v. U.S. Citizenship & Immig. Servs.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st of August, two thousand eighteen.**

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
              *Circuit Judges,*
          EDWARD R. KORMAN,
              *Judge.\**

---

RASHPAL KUMAR,

        *Plaintiff-Appellant,*                  17-2984

        v.

DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION
SERVICES, USCIS,

        *Defendant-Appellee.*

---

   \* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:

MICHAEL E. PISTON, Piston & Carpenter P.C., New York, NY.

FOR DEFENDANT-APPELLEE:

MATTHEW SILVERMAN (Varuni Nelson, *on the brief*) Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Rashpal Kumar ("Kumar") appeals from a judgment of the District Court granting summary judgment in favor of Defendant-Appellee U.S. Citizenship and Immigration Services ("USCIS") on Kumar's claim under the Administrative Procedure Act ("APA"). Kumar seeks review of USCIS's June 2014 decision to revoke its approval of the Petition for Alien Relative ("Form I-130" petition) that Kumar filed on behalf of his brother, Paramjit Singh, a citizen of India, for a visa to the United States. The USCIS automatically revoked its approval after Kumar submitted a letter withdrawing his petition to the U.S. embassy in New Delhi, which the Department of State forwarded to the USCIS. We assume the parties' familiarity with the underlying facts and procedural history in this case.

In reviewing an appeal from a grant of summary judgment involving an APA claim, "we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). We must "hold unlawful and set aside any agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," but "the scope of review under the 'arbitrary and capricious' standard is narrow and courts should not substitute their judgment for that of the agency." *Id.* (internal citations omitted). Accordingly, "so long as the agency examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action." *Id.* We find no error in the agency's decision.

A U.S. citizen may sponsor a non-citizen sibling for an immigrant visa. 8 U.S.C. § 1153(a)(4). The application process involves two steps. First, the sponsor must file a petition with USCIS to establish the qualifying relationship with the beneficiary (in this case, Kumar's brother). 6 U.S.C. § 271(b)(1); 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R. §§ 204.1(b), 204.2(g). Once USCIS approves the petition, it forwards the petition to the Department of State, which sends the beneficiary of the petition a visa application packet, reviews the beneficiary's completed application, conducts an

2

interview, and issues the visa. *See* 8 U.S.C. §§ 1101(a)(9), 1201; 22 C.F.R. §§ 42.41, 42.61, 42.62; 9 Foreign Affairs Manual § 102.2-2. If, however, a petitioner "file[s]" a "written notice of withdrawal . . . with any officer of [USCIS] who is authorized to grant or deny petitions," the petition will be deemed automatically revoked. 8 C.F.R. § 205.1(a)(3)(i)(A). A withdrawal may not be retracted. *Id.* § 103.2(b)(6). "USCIS acknowledgement of a withdrawal may not be appealed." *Id.* § 103.2(b)(15). A petitioner who withdraws a visa petition may file a new petition, with a new fee, on behalf of the same beneficiary, but the visa priority date of the new petition rather than the withdrawn petition will apply. *Id.* Although USCIS has sole authority to revoke an approved visa petition, Department of State consular officers must return an approved petition to USCIS at a petitioner's request. 22 C.F.R. § 42.43(a) ("The consular officer shall suspend action in a petition case and return the petition, with a report of the facts, for reconsideration by DHS if the petitioner requests suspension of action . . . .").

Kumar argues that his withdrawal letter should not have resulted in automatic revocation of his petition because he sent the letter to the U.S. Embassy in New Delhi rather than to the USCIS—and the USCIS is the only agency with the authority to grant or deny visa petitions. Kumar is correct about the role of the USCIS. But the USCIS does not operate in a vacuum, particularly in the context of visa applications. It must coordinate with the Department of State. Indeed, 22 C.F.R. § 42.43(a) requires Department of State consular officers to forward a petitioner's request for suspension of action on a visa petition to the USCIS. The agencies followed that process in this case. The Department of State forwarded Kumar's request to USCIS, and USCIS subsequently revoked his petition. Taking this context into consideration, we have little trouble concluding that when Kumar sent a letter expressing a clear intention to revoke his petition, and the Department of State, in accordance with Kumar's intention, forwarded that letter to a USCIS official with authority to grant or deny petitions, Kumar "filed" his petition with that official for purpose of the automatic revocation regulation.

## CONCLUSION

We have reviewed all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk